IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § | CASE NO. : 16-31521 | |
| § | | |
| TRISTREAM EAST TEXAS, LLC, § | Chapter 11 | |
| § | | |
| Debtor. § | Judge David R. Jones | |
| § | | |

ATTORNEY CHECKLIST CONCERNING MOTION AND
ORDER PERTAINING TO USE OFCASH COLLATERAL
AND POSTPETITION ON FINANCING

The above-referenced debtor and debtor in possession (collectively, the **"Debtor"**), by and through their undersigned counsel, hereby files this Attorney Checklist Concerning Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Use of Cash Collateral and Granting Adequate Protection, (2) Authorizing Postpetition Financing, and (3) Granting Relief with regard to the proposed Interim Order.

CERTIFICATE BY COUNSEL

This is to certify that the checklist below fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order.

\*       Means generally <u>not</u> favored by Bankruptcy Courts in this District.

\*\*      Means generally <u>not</u> favored by Bankruptcy Courts in this District without a reason <u>and</u> a time period for objections.

Y means yes; N means no<br>N/A means not applicable

**1.    Identification of Proceeding:**

| | | |
|---|---|---|
| (a) | Preliminary or final motion/order | **Interim** |
| (b) | Continuing use of cash collateral (§ 363) | Y |
| (c) | New financing (§ 364) | Y |
| (d) | Combination of §§ 363 and 364 financing | Y |
| | | *(DIP lender is not prepetition lender)* |

---

ATTORNEY CHECK LIST CONCERNING DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL
ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION,
(2) AUTHORIZING POSTPETITION FINANCING, AND (3) GRANTING RELIEF                    PAGE 1
4811-7968-6447.v1

|     | (e) | Emergency hearing (immediate and irreparable harm) | **Y** |
|-----|-----|-----|-----|
| **2.** | **Stipulations:** | | |
|     | (a) | Brief history of debtors' businesses and status of debtors' prior relationships with lender | **Y** |
|     | (b) | Brief statement of purpose and necessity of financing | **Y** |
|     | (c) | Brief statement of type of financing (i.e., accounts receivable, inventory) | **Y** |
| ** | (d) | Are Lender's prepetition security interests(s) and liens deemed valid, fully perfected and non-avoidable | **Y** |
|     | (i) | Are there provisions to allow for objections to above? | **Y** (*60 day Challenge Period*) |
|     | (e) | Is there a postpetition financing agreement between lender and debtor | **Y** (*DIP lender is not prepetition lender*) |
|     | (i) | If so, is agreement attached? | **Y** (*in substantial form*) |
| ** | (f) | If there is an agreement, are lender's postpetition security interests and liens deemed valid, fully perfected, and non-avoidable? | **Y** |
|     | (g) | Is lender undersecured or oversecured? | **unknown** |
|     | (h) | Has lender's non-cash collateral been appraised? | **N** |
|     | (i) | Insert date of latest appraisal | **N/A** |
|     | (i) | Is debtor's proposed budget attached? | **Y** (*interim*) |
|     | (j) | Are all prepetition loan documents identified? | **Y** |
|     | (k) | Are prepetition liens on single or multiple assets? | **multiple** |
|     | (l) | Are there prepetition guaranties of debt? | **Y** |
|     | (i) | Limited or unlimited | **unlimited** |
| **3.** | **Grant of Liens:** | | |
| * | (a) | Do postpetition liens secure prepetition debts? | **N** (*PIK Interest*) |
| * | (b) | Is there cross-collateralization? | **N** |
| ** | (c) | Is the priority of postpetition liens equal to or higher than existing liens? | **N** |
| ** | (d) | Do postpetition liens have retroactive effect? | **Y** (*to petition date*) |
|     | (e) | Are there restrictions on granting further liens or liens of equal or higher priority? | **Y** |
| * | (f) | Is lender given liens on claims under §§ 506(c), 544-50 and §§ 552? | **N** (*prepetition lender*) |

---

**ATTORNEY CHECK LIST CONCERNING DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (2) AUTHORIZING POSTPETITION FINANCING, AND (3) GRANTING RELIEF**    PAGE 2
4811-7968-6447.v1

| | | | |
|---|---|---|---|
| ** | (i) | Are lender's attorney's fees to be paid? | Y *(DIP lender)* Y |
| | (ii) | Are debtors' attorney's fees accepted from § 506(c)? | N *(prepetition lender)* Y *(DIP lender)* |
| * | (g) | Is lender given liens upon proceeds of causes of action under §§ 544, 547 and 548? | N *(prepetition lender)* Y *(DIP lender)* |

**4. Administrative Priority Claims:**

| | | | |
|---|---|---|---|
| | (a) | Is lender given an administrative priority? | Y |
| | (b) | Is administrative priority higher than § 507(a)? | Y |
| | (c) | Is there a conversion of pre-petition secured claim to post-petition administrative claim by virtue of use of existing collateral? | N |

**5. Adequate Protection (§ 361):**

| | | | |
|---|---|---|---|
| | (a) | Is there post-petition debt service? | N |
| | (b) | Is there a replacement/additional § 361(1) lien? | Y |
| ** | (c) | Is the lender's claim given super-priority? (§ 364(c) or (d)) (designate) | Y *(364( c))* |
| | (d) | Are there guaranties? | Y |
| | (e) | Is there adequate insurance coverage? | Y |
| | (f) | Other? | N |

**6. Waiver/Release Claims v. Lender:**

| | | | |
|---|---|---|---|
| ** | (a) | Debtor waives or release claims against lender, including, but not limited to, claims under §§ 506(c), 544-50, 552, and 553 of the Code? | N *(as to 506( c))* |
| ** | (b) | Does the debtor waive defenses to claim or liens of lender? | Y |

---

**ATTORNEY CHECK LIST CONCERNING DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (2) AUTHORIZING POSTPETITION FINANCING, AND (3) GRANTING RELIEF**     **PAGE 3**
4811-7968-6447.v1

7. **Source of Postpetition Financing (§ 364 Financing):**

    (a)  Is the proposed lender also the prepetition lender?   **N**
        (b)  New post-petition lender?   **Y**
    (c)  Is the lender an insider?   **Y**

8. **Modification of Stay:**

\*\*  (a)  Is any modified lift of stay allowed?   **Y**
\*\*  (b)  Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order?   **Y**
    (c)  Are there any other remedies exercisable without further order of court?   **Y**
    (d)  Is there a provision that any future modification of order shall not affect status of debtor's postpetition obligation to lender?   **Y**

9. **Creditor's Committee:**

    (a)  Has creditors' committee been appointed?   **N**
    (b)  Does creditors' committee approve of proposed financing?   **N/A**

10. **Restrictions on Parties in Interest:**

\*\*  (a)  Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes?   **Y**
\*\*  (b)  Is the debtor prohibited from seeking to enjoin the lender in pursuit of rights?   **N**
\*\*  (c)  Is any party in interest prohibited from seeking to modify this order?   **N**
    (d)  Is the entry of any order conditioned upon payment of debt to lender?   **N**
    (e)  Is the order binding on subsequent trustee on conversion?   **Y**

11. **Nunc Pro Tunc:**

\*\*  (a)  Does any provision have retroactive effect?   **Y (to petition date)**

12. **Notice and Other Procedures:**

    (a)  Is shortened notice requested?   **Y**
        (b)  Is notice requested to shortened list?   **Y**
        (c)  Is time to respond to be shortened?   **Y**

---

| | | | |
|---|---|---|---|
| (d) | | If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? | N/A |
| (e) | | If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? | Y |
| (f) | | Is a Certificate of Conference included? | N |
| (g) | | Is a Certificate of Service included? | Y |
| (h) | | Is there verification of transmittal to U.S. Trustee included pursuant to Rule 9034? | Y |
| (i) | | Has an agreement been reached subsequent to filing motion? | N |
| | (i) | If so, has notice of the agreement been served pursuant to Rule 4001(d)(1)? | N/A |
| | (ii) | Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? | N/A |
| | (iii) | Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? | N/A |
| | (iv) | Does the motion provide for opportunity for hearing pursuant to Rule 9014? | N/A |

Dated: April 4, 2016

Respectfully submitted,

**COATS ROSE, P.C.**

By:  */s/ Frank J. Wright*
 Frank J. Wright
 Texas State Bar No. 22028800
 C. Ashley Ellis
 Texas State Bar No. 00794824
 Erin C. McGee
 Texas State Bar No. 24055937

600 Signature Place
14755 Preston Road
Dallas, Texas  75254
(972) 788-16000
(972) 239-0138 – fax

**PROPOSED COUNSEL FOR TRISTREAM EAST TEXAS, LLC**