

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
04/19/2016

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 16-31521** |
| | § | |
| **TRISTREAM EAST TEXAS, LLC** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | **Judge David R. Jones** |
| | § | |

---

## SECOND INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (2) AUTHORIZING POSTPETITION FINANCING, AND (3) GRANTING RELATED RELIEF

---

**TRISTREAM EAST TEXAS, LLC**, a Delaware LLC, ("**Debtor**") in the above-captioned Chapter 11 Case filed on April 1, 2016, the Debtor's Emergency Motion for Interim and Final Orders (1) Authorizing Use of Cash Collateral and Granting Adequate Protection, (2) Authorizing Postpetition Financing, and (3) Granting Related Relief (Docket No. 37), and, on April 12, 2016, a Supplement thereto providing additional factual details and information (Docket No. 54) (together, the "**Financing Motion**") seeking relief pursuant to 11 U.S.C. §§ 361 and 363 and Federal Rule of Bankruptcy Procedure 4001(c).

Based upon consideration of the Financing Motion, the arguments of counsel, the testimony and other evidence proffered or presented at the hearing, and after due deliberation and consideration,

SECOND INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (2) AUTHORIZING POSTPETITION FINANCING, AND (3) GRANTING RELATED RELIEF
4840-5159-5568.v1

PAGE 1

-1

**THE COURT HEREBY PRELIMINARILY FINDS AND CONCLUDES THAT:**

1.      The Court has jurisdiction over this case, the parties, the Debtor's property and the Supplemental Financing Motion under 28 U.S.C. § 1334 and 157.  This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      On April 7, 2016, this Court entered an Interim Order[1] granting the Debtor authority to use Cash Collateral and proceeds from the DIP Facility in accordance with the Interim Budget to avoid immediate and irreparable harm to the estate pending a Final Hearing in order to, among other things, preserve and maintain the value of its assets and business and maximize the return to all creditors.

3.      The Debtor has an immediate need for an extension of the Interim Order and that previously granted authority to use Cash Collateral and proceeds from the DIP Facility to continue to avoid immediate and irreparable harm to the estate pending a Final Hearing.

4.      The Court finds that the Financing Motion should again be granted on an additional interim basis, and the Debtor should be entitled to an extension of the previously granted authority to use Cash Collateral and borrowings under the DIP Facility from April 16, 2016 through the date to be set by the Court for the Final Hearing in an amount not to exceed by more than 10% the aggregate expenses provided in the Debtor's Second Interim Budget attached hereto as **Exhibit "1."**

---

[1] All capitalized terms used in this Second Interim Order are defined in the Interim Order or the Financing Motion.

5.      The Prepetition First Lien Secured Parties are entitled, pursuant to Section 361 and 363(e) of the Bankruptcy Code, to adequate protection of their interest in Cash Collateral to the extent of any diminution in value thereof as set forth below.

6.      Based upon the record made before the Court at the Second Interim Hearing and the Court's foregoing findings and conclusions, it appears once again that the Financing Motion has merit, therefore:

**IT IS HEREBY ORDERED** that:

A.      The Financing Motion is GRANTED on an interim basis via this Second Interim Order.

B.      The Debtor may use Cash Collateral and borrowings under the DIP Facility in an amount not to exceed by more than 10% the aggregate expenses provided in the Second Interim Budget to fund the expenses set forth thereon from April 16, 2016 through the date to be set by the Court for the Final Hearing.

C.      As continued adequate protection for any diminution in the aggregate value of the Prepetition First Lien Secured Parties' pre-petition interests in the pre-petition collateral and Cash Collateral, those Parties shall have and hereby are granted a continuation of the Prepetition First Lien Adequate Protection granted to them in the Interim Order.

D.      As security for the DIP obligations, the DIP Lender shall have and is hereby granted a continuation of the DIP Liens and DIP Superpriority Claims granted to them in the Interim Order.

---

E.      This Second Interim Order is without prejudice to any party regarding any

additional or further relief that may be sought by any party.

F.      The automatic stay is modified to the extent necessary to allow

implementation of this Second Interim Order.

G.      A Final Hearing on the Financing Motion is hereby set for

_____May 16_____, 2016 at ___3:30_____ P .M.   Any objections shall be filed by 12:00 Noon on
May 12, 2016.

H.      Pending the Final Hearing, all of the terms and conditions set forth in this

Second Interim Order and the Interim Order entered on April 7, 2016 (**Docket No. 37**)

remain in effect.

**IT IS SO ORDERED.**

**Signed:  April 19, 2016.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

SUBMITTED BY:

Frank J. Wright
C. Ashley Ellis
Erin C. McGee
**COATS ROSE, P.C.**
600 Signature Place
14755 Preston Road
Dallas, TX  75254
(972) 788-1600
 (972) 239-0138 - fax
bankruptcy@coatsrose.com

**ATTORNEYS FOR DEBTOR**

Tristream East Texas, LLC
Weekly Cash Forecast
4/12/2016

| | Cash Forecast by Week | | | |
|---|---|---|---|---|
| | Period of 3/31-4/8 | Week of 4/11 - 4/15 | Week of 4/18 - 4/22 | Week of 4/25 - 4/29 |
| **Beginning Balance for the week (1)** | | | $ 22,718.65 | $ 103,575.43 |
| **DIP Funding** | | | | |
| **Expected Receivables** | | | | |
| Lonestar | | | 276,500.00 | |
| Texon | | | | |
| Oxbow | | | 48,377.26 | |
| Sunoco | | | 205,000.00 | |
| Upstream | | | | 30,500.00 |
| **Expected Payments** | | | | |
| Producer Payables | | | | |
| **Estimated Opex** | | | | |
| Payroll- Field Employees | | | (163,863.50) | |
| Benefits (401K match, FICA, & Medicare Tax)- Field Employees | | | (18,024.99) | |
| Travel | | | | |
| Vehicle Expenses | | | | |
| Materials & Parts | | | (17,500.00) | (17,500.00) |
| Utilities | | | | (54,542.00) |
| Chemicals, Lubricants, Corrosion Supplies | | | (23,250.00) | (23,250.00) |
| Contractors | | | (42,632.00) | (42,632.00) |
| Office Supplies | | | | |
| Safety Training & Equipment (PPE, Air packs, H2S sensors, other) | | | (2,750.00) | (2,750.00) |
| Right of Way payments to landowners | | | | |
| Procurement Card Deposit to Amegy Bank | | | (100,000.00) | |
| United Healthcare- Premiums for Medical Insurance- Covers Field and Houston Employees | | | | |
| Guardian- Premiums for Dental, Vision, STD, LTD, AD&D, Life Insurance- Covers Field and Houston Employees | | | | |
| Flat Iron Capital- Commercial Insurance Premium- Covers both Field and Houston | | | | |
| **Corporate Expenses- Houston** | | | | |
| Payroll- Houston Office | | | (73,000.00) | |
| Benefits (401K match, FICA, & Medicare Tax)- Houston Office | | | (8,000.00) | |
| FSP- Westchase- Houston Office Rent | | | | |
| BDO- Tax Services | | | | |
| Other Houston Office Expenses- Travel & Lodging, Supplies, Telephones, IT, Misc | | | | |
| **Ending Balance for the week** | - | - | 103,575.43 | (6,598.57) |
| **Net weekly change** | | | 103,575.43 | (110,174.00) |

(1) The Beginning Balance for the week of 4/18 - 4/22 includes $300,000 that was drawn on the DIP Loan on April 12, 2016



tabbies'

**EXHIBIT**

"1"

Tristream East Texas, LLC
Weekly Cash Forecast
4/12/2016

| | Week of 5/2 - 5/6 | Week of 5/9 - 5/13 | Week of 5/16 - 5/20 | Week of 5/23 - 5/27 |
|---|---|---|---|---|
| Beginning Balance for the week | ($6,598.57) | $569,869.66 | $503,850.41 | $457,255.54 |
| **DIP Funding** | 1,500,000.00 | | | |
| **Expected Receivables** | | | | |
| Lonestar | | | | |
| Texon | | | | |
| Oxbow | | | 110,600.00 | |
| Sunoco | | | 19,350.90 | |
| Upstream | | | 82,000.00 | 12,200.00 |
| **Expected Payments** | | | | |
| Producer Payables | | | | (112,075.45) |
| **Estimated Opex** | | | | |
| Payroll- Field Employees | (95,711.71) | | (95,711.71) | |
| Benefits (401k match, FICA, & Medicare Tax)- Field Employees | (10,528.29) | | (10,528.29) | |
| Travel | | (1,700.00) | | |
| Vehicle Expenses | | (12,722.00) | | |
| Materials & Parts | (9,951.00) | (9,951.00) | (9,951.00) | (9,951.00) |
| Utilities | | | | (21,452.00) |
| Chemicals, Lubricants, Corrosion Supplies | (12,000.00) | (12,000.00) | (12,000.00) | (12,000.00) |
| Contractors | (25,656.75) | (25,656.75) | (25,656.75) | (25,656.75) |
| Office Supplies | | (1,222.00) | | |
| Safety Training & Equipment (PPE, Air packs, H2S sensors, other) | (2,767.50) | (2,767.50) | (2,767.50) | (2,767.50) |
| Right of Way payments to landowners | | | | (11,595.00) |
| United Healthcare- Premiums for Medical Insurance- Covers Field and Houston Employees | | | | (72,000.00) |
| Guardian- Premiums for Dental, Vision, STD, LTD, AD&D,Life Insurance- Covers Field and Houston Employees | | | | (13,000.00) |
| Flat Iron Capital- Commercial Insurance Premium- Covers both Field and Houston | | | | |
| **Corporate Expenses- Houston** | | | | |
| Payroll- Houston Office | (71,987.00) | | (71,987.00) | |
| Benefits (401k match, FICA, & Medicare Tax)- Houston Office | (7,918.52) | | (7,918.52) | |
| FSP- Westchase- Houston Office Rent | (14,313.00) | | | |
| BDO- Tax Services | | | (15,000.00) | |
| Other Houston Office Expenses- Travel & Lodging, Supplies, Telephones, IT, Misc | | | (7,025.00) | |
| **Additional Expenses to be approved separately by the Court** | | | | |
| Severance Pay- Field | (572,698.00) | | | |
| Severance Pay- Houston Office | (100,000.00) | | | |
| Legal | | | | (150,000.00) |
| Ending Balance for the week | $569,869.66 | $503,850.41 | $457,255.54 | $38,957.84 |
| Net weekly change | | (66,019.25) | (46,594.87) | (418,297.70) |